FILED

SEP 0 9 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY TORREZ,                    )
                                   )    Civil No. 07-1217-PK
            Petitioner,            )
                                   )
    v.                             )
                                   )
GUY HALL, Superintendent,          )
Two Rivers Correctional            )    FINDINGS AND RECOMMENDATION
Institution,                       )
                                   )
            Respondent.            )

        Harold P. DuCloux, III
        Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, Oregon  97204

            Attorney for Petitioner

        John R. Kroger
        Attorney General
        Lynn David Larsen
        Attorney-In-Charge
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97301

            Attorneys for Respondent

    1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Anthony Torrez brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions for Unlawful Sexual Penetration and Sexual Abuse. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On June 2, 1999, the Marion County Grand Jury returned a secret indictment charging Torrez with one count of Unlawful Sexual Penetration in the First Degree and five counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. In a bench trial the court dismissed one count of sexual abuse, but otherwise convicted Torrez on all charges. The court imposed a sentence totaling 175 months. Respondent's Exhibit 101.

Torrez directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Torrez, 181 Or. App. 664, 47 P.3d 555 (2002), rev. denied, 334 Or. 492, 52 P.3d 1057 (2002); Respondent's Exhibits 103-108.

Torrez then filed an amended petition for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Torrez v. Hall, Umatilla County Circuit Court Case No. CV03-0901. On appeal, the Oregon Court of Appeals affirmed without written

2 - FINDINGS AND RECOMMENDATION

opinion, and the Oregon Supreme Court denied review.  <u>Torrez v.</u>
<u>Hall</u>, 212 Or. App. 497, ___ P.3d ___ (2007), <u>rev. denied</u> 343 Or.
186, 165 P.3d 371 (2007); Respondent's Exhibits 135-140.

On August 15, 2007, Torrez filed this action.  His grounds for
relief as set forth in his Petition are as follows:

1.    Ground  One:    Trial  counsel  failed  to  insure  that
      Petitioner received a fair and impartial trial.

      Supporting Facts:  Trial counsel's performance at hand
      was so deficient and incompetent as to have completely
      failed to subject the prosecution case to a meaningful
      advers[ar]ial testing process.

      The fact is clearly established in the trial record by
      and  through  several  acts  and  omissions  of  which
      petitioner seeks relief.

      These acts and omissions resulted in violation of his
      federal and state rights to a fair trial and due process,
      when trial counsel failed to exercise professional skill
      and judgment in a reasonable, diligent and conscientious
      manner, and that said deprivation caused the petitioner
      to  suffer  prejudice  that  ultimately  resulted  in  the
      denial of the petitioner's right to a fair trial.


2.    Ground Two:  Trial counsel failed to provide effective
      assistance  [of]  counsel  by  failing  to  properly
      investigate  and  interview  several  witnesses  who  would
      [have]  impeached  alleged  victims  with  their  inconstant
      accounts.

      Supporting Facts:  Several witnesses felt that they were
      not asked enough, or that, if you will not all the stuff
      they thought should [have] been asked of them.

      When interviewed by trial counsel there [were] impeaching
      statements made by the alleged victims that [were] not
      follow[ed] up on.

3.    Ground Three:  Trial counsel offered erroneous advice
      because he was not prepared to present a case of this
      magnitude.

3 - FINDINGS AND RECOMMENDATION

Supporting Facts:  On [the] first day of trial counsel
came to petitioner with last minute decisions that should
[have] already been explored.  Trial counsel pressured
petitioner to make these snap judgments without
considering all of the facts and ramification of his
decision.  (ie; whether to go with jury trial)

Trial counsel waited until the third day of trial to ask
petitioner if he was going to testify.  In response trial
counsel sent home all of petitioner's witnesses, thus
going with no defense, and prejudicing the outcome.

4.   Ground Four:  Petitioner's right to a fair trial and due
     process were violated when trial counsel erroneously
     advised petitioner to proceed with Judge trial.

Supporting Facts:  Trial counsel denied petitioner his
right to have his trial heard in front of a jury because
he was not prepared to defend petitioner to a jury.
Trial counsel told petitioner that he felt he could have
a better chance without a jury, then with one.  He never
explain[ed] to petitioner that the reality of the matter
was that he was not prepared.  Petitioner discovered this
after trial had started in trial counsel Motion for a
Continuance.

5.   Ground Five:  Petitioner was prejudice[d] when trial
     counsel sent home all of Petitioner's witnesses who could
     [have] made a difference in the final outcome of
     Petitioner's case.

Supporting Facts:  On the third day of trial, trial
counsel asked petitioner if he was going to testify.
Petitioner responded that he was concern[ed] that he
would cuss out the District Attorney for how she
portrayed him to the court.  Trial counsel then made the
decision, that if petitioner was not going to testify
then no one was.

This prejudice[d] petitioner to the fact that the court
never received any information as to the false allegation
that were being made by the alleged victims.

Petitioner had several witnesses who would [have]
testified as to the truthfulness of the alleged victims,
and to some of their out of court statements made prior
to trial.

4 - FINDINGS AND RECOMMENDATION

In doing this trial counsel denied petitioner a fair trial, and failed to exercise professional skill and judgment.

6.    Ground Six:    Trial counsel failed to press for a continuance that was obviously needed to properly defend petitioner.

Supporting Facts:  Trial counsel states on the record at page 323-324 of the trial transcripts that he needed more time to develop the evidence and to interview additional witnesses that could have been beneficial to Petitioner's case.

In trial counsel's Motion for Hearing on Previously Filed Motion for Continuance he states on page 5, line 21,22, that **"I cannot represent to the Court in good faith that I can represent my client to the constitutional standard required without the missing discovery"**

This statement taken with the other points trial counsel made in his motion is apparent that he was not prepared to proceed with trial and to defend petitioner, or to give petitioner advice as to how to proceed.

7.    Ground Seven:  Appellate counsel failed to bring up all the issues that were in front of the trial court in the Motion for Continuance on the day of trial.

Supporting Facts:  Petitioner urged appellate counsel to raise all of the issues that were presented in the Motion for Continuance to the Court of Appeals, so the Court could see the prejudice that petitioner had suffered. Petitioner had preserved these issues in his hearing for a Motion for a New Trial, which the trial court held, as the Court believed that not all of the facts were brought to the fact finder on the issue of the alleged victims credibility.

8.    Ground Eight:  Appellate counsel failed to bring up that Petitioner was stopped from making his statement to the trial court at the sentencing hearing.

Supporting Facts:   Petitioner had shown statement to sentencing counsel prior to hearing.  In the middle of his statement Trial court stopped petitioner from completing his statement, not allowing petitioner to make a record of the prejudice suffered at the hand of trial

5 - FINDINGS AND RECOMMENDATION

counsel.    Petitioner believed that he would not be allowed any other time to make a record of the prejudice and denial of a fair trial that he suffered.

9.   Ground   Nine:    Appellate   counsel   failed   to   raise Petitioner's Motion for a New Trial in order to allow the Oregon Court of Appeals to view the possible abuse of its discretion.

   Supporting   Facts:     Petitioner   had   requested   that appellate counsel allow the Oregon Court of Appeals an opportunity to review the trial court's possible abuse of discretion in its decision, as to whether the trial court had discretion to allow a new trial with what petitioner had presented to the court.

10.  Ground Ten:    Trial counsel failed to object to the sentence that was imposed including but not limited to arguing that the Petitioner was unlawfully given too much time.

   Supporting Facts: Petitioner was given way too much time according   to   the   guidelines   presented   by   Felony Sentencing Guidelines.

11.  Ground Eleven:   Trial counsel failed to object to the untimely notice by the District Attorney's office of their intent to rely on the use of hearsay statements of the alleged victims.

   Supporting Facts:  Trial counsel failed to object to the untimely notice given by the District Attorney's office as he stated in his **Motion for Hearing on Previously Filed Motion for Continuance,**

   Trial counsel made no oral argument to the Court, and it allowed several state witnesses to testify as to what the alleged victims spoke to them without verifying that information,   nor   without   first   investigating   whether there was any truth to what they alleged was true.

   Summaries were given to the defense, and a summary by definition does not contain the exact statements of a person who is being interviewed or a person who is questioning.

   By not objecting and allowing these witnesses for the state to testify prejudice[d] petitioner to the point

that he did not receive a full and fair trial, thus denting his right.

12.   Ground Twelve:  Trial counsel allowed other cases to take precedence over Petitioner's case, which caused petitioner prejudice.

Supporting Facts:  Trial counsel prejudice[d] Petitioner's case by allowing other case[s] to take precedence over his.  It is clearly stated in trial counsel's Motion for Hearing on Previously Filed Motion for Continuance on page 2 line 8.  Trial counsel let another case out of Astoria take precedence over petitioner and this affected the ability of trial counsel to prepare for petitioner.

13.   Ground Thirteen:  Trial Counsel failed to put on the defense he told the court, which prejudice[d] the Petitioner.

Supporting Facts:  Trial counsel stated to the court that he would present evidence and witnesses to the court in order to establish what kind of character petitioner was, since these types of cases come down to he said, she said.

He further told the court that he would present evidence w[h]ere alleged victims had made prior statements lying about the care the alleged victims had made to Services to Children and Family.  Furthermore, trial counsel stated that there were witnesses he still needed to talk to, and that he was not able to do that considering the time that he had left.

14.   Ground Fourteen:  Trial counsel failed to cross examine the alleged victims thoroughly which denied the fact finder information.

Supporting Facts:  Petitioner told trial counsel certain questions he should have been asking the alleged victims as their statements were stating on the witness stand. Trial counsel never paid any attention to this, as petitioner continually attempted to make known to trial counsel that if he had brought out these facts then most likely petitioner would be found not guilty.

Alleged victims had made statements prior to trial to family members about the accusation they were bringing, and to the reasons why they were making them.

15.  Ground Fifteen:  Trial counsel failed to present SCF records, would have shown that alleged victims had made false accusations before about care that was given.

Supporting Facts:  Trial counsel knew of may reports from petitioner had told him that the alleged victims had made from the state of California, and the state of Oregon prior to this, and that after further investigation by the agency of SCF, they found that the alleged victims statements were false, and no evidence as to what they were alleging.

Trial counsel just dropped the ball on this subject, and not allowing the trial court to view this material prejudice the petitioner, thus denying him a fair trial. By not presenting all of the evidence that was out there it did not give the fact finder the opportunity to view any material that was available.

16.  Ground Sixteen:  Trial counsel failed to secure Service to Families records from California, which would have shown that alleged victims had made prior false statements about their care.

Supporting Facts:  Alleged victims had made prior false statements about the care they were receiving from their Mother, as this is what led to the alleged victims moving in with petitioner and his girlfriend.  These records would have demonstrated to the court that the alleged victims had made prior false statements.

Respondent asks the court to deny relief on the Petition because: Torrez addressed only one of the above claims in his counseled supporting memorandum; all but one claim is procedurally defaulted; the claims Torrez fairly presented to the Oregon courts were correctly denied on the merits in state-court decisions entitled to deference; and all claims lack merit.

///

8 - FINDINGS AND RECOMMENDATION

## DISCUSSION

### I.   Unargued Claims

Torrez fails to brief the merits of Grounds One through Five and Grounds Seven through Sixteen in his counseled supporting memorandum.  Noting that his memorandum addresses only two issues raised in the pro se habeas petition, Torrez nevertheless contends that "[t]his court should consider the merits of the issues in the habeas petition which were initially presented in the amended post-conviction petition because the claims were presented to the [Oregon] courts and alternately there is cause and prejudice which excuses any default."   Memorandum in Support (#46), p. 29. The State contends that none of these claims was fairly presented to the Oregon Supreme Court and that they are procedurally defaulted.  Specifically, the State argues the PCR court's denial of Torrez's request to file an amended petition raising the subject claims was proper and that Torrez's cause and prejudice arguments are without merit.

The court has independently reviewed the record as to Torrez's unbriefed claims and determined that they would not entitle him to relief.  On habeas review, Torrez must show that the state court determination of his claims was contrary to or an unreasonable application of established Supreme Court precedent.   28 U.S.C. § 2254(d).  By not advancing Grounds One through Five and Seven through Sixteen in his memorandum, Torrez has failed to meet the

9 - FINDINGS AND RECOMMENDATION

burden of proof for habeas relief under § 2254(d).  Accordingly, relief on these claims must be denied.

## II.   **Improperly Raised Claims**

### A.   **Trial Court Erred When it Refused to Allow Torrez's Attorney a Necessary Continuance to Prepare for Trial**

In his supporting memorandum, Torrez attempts to add a claim alleging he was "denied due process, a fair trial, and his right to effective assistance of counsel when the trial court refused to allow his attorney a necessary continuance to prepare for trial." Torrez's arguments notwithstanding, he did not raise this or any other trial court error claim in his *pro se* Petition.  Counsel for Torrez argues that by detailing the history of the claims he raised on direct appeal and during his PCR proceedings in the "Exhaustion of State Remedies" section of his pro se Petition, Torrez adequately raised the subject trial court error claim.  The court disagrees.  Even construing Torrez's pro se Petition liberally, it is evident that while he was aware of claim, he chose not to raise it as a ground for relief.  Accordingly, the State cannot have been expected to address it and it is not properly before the court. See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief.  In order for the State to be properly advised of additional claims,

they should be presented in an amended petition or . . . as a statement of additional grounds.")

### B.   **Freestanding Claim of Actual Innocence**

In addition, Torrez contends in his supporting memorandum that he is actually innocent of the crimes.  This claim is presented not as a gateway claim to excuse procedural default, but rather as a freestanding claim entitling him to relief.   Petitioner's Supporting Memorandum (#46), p. 35 (citing Herrera v. Collins, 506 U.S. 390 (1993)).   Torrez did not raise this claim in his *pro se* Petition.  Accordingly, it is not properly before the court.   See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief.  In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.")

Regardless, even assuming a freestanding claim of innocence is potentially available in a non-capital case, the court's independent review of the record leads only to the conclusion that Torrez could not meet the "extraordinarily high" threshold for a freestanding Herrera claim by affirmatively proving that he is probably innocent.   Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997).

11 - FINDINGS AND RECOMMENDATION

## III. <u>Merits</u>

### A.   <u>Standard of Review</u>

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Torrez bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u>. at 413.  The "unreasonable application" clause requires the

state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the

13 - FINDINGS AND RECOMMENDATION

record, it still defers to the state court's ultimate decision.
Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

   B.   **Analysis**

        **Counsel's Failure to Properly Substantiate His Motion
        for a Continuance**

   As a preliminary matter, Torrez contends the State took
inconsistent positions on the facts related to trial counsel's
performance vis-a-vis the motion for a continuance.  Torrez argues
this constitutes a due process violation entitling him to relief
and/or requires that this court not defer to the the state court
decisions on this claim.  The court disagrees.  A review of the
relevant portions of the record reveals that the State's positions
on direct appeal and during the PCR proceedings are not
inconsistent.  Torrez mistakenly suggests that by arguing that the
trial court did not error when it denied the motion for a
continuance because counsel did adequately support the motion, the
State necessarily argued that counsel acted ineffectively.  This is
not the case.  To the extent sufficient evidence simply did not
exist, arguments that counsel did not present enough evidence
supporting the motion and that counsel provided adequate
representation in that regard are perfectly consistent.
Accordingly, the court rejects Torrez's assertion that the state
court decisions related to the motion for a continuance are not
entitled to deference.

An independent review of the record reveals counsel provided the trial court with numerous reasons why it should grant Torrez's motion for a continuance. Counsel advised the court that despite his efforts to obtain necessary discovery, he was not prepared for trial because he had not had a chance to adequately review a video tape from Liberty House Assessment Center, Services for Children and Families (SCF) records and the victims' school records. In addition, counsel advised the court he needed to follow up with a witness regarding a statement she made that one of the victim's engaged in inappropriate kissing with her son. Respondent's Exhibit 129. Counsel indicated during oral argument that careful examination of this discovery was necessary because it bore on the credibility of the victims. Trial Transcript, Volume 1, pp. 5-8. Similarly here, at the core of Torrez's current arguments is his contention that because counsel did not adequately press for a continuance, critical information bearing on the victims' credibility was not presented to the fact finder at trial.

However, counsel averred during the PCR proceedings that

> [w]ith respect to witnesses whom petitioner now claims would have been able to testify that the [victims] were untruthful, our investigation did not support this. As I recall, the persons whom petitioner wanted us to interview turned out to be adults who had had fairly spotty contact with the victims. Other adults, who had had more consistent and recent contact with [them], found the girls to be honest and truthful. In addition, Deputy District Attorney Gina Skinner had these witnesses present and prepared to provide rebuttal testimony.

Respondent's Exhibit 127, pp. 1-2.

15 - FINDINGS AND RECOMMENDATION

Torrez further faults counsel for failing to adequately reargue the motion when the trial court took the unusual step of revisiting it following closing arguments. Petitioner's Supporting Memorandum, pp. 25-28. While it is clear counsel was taken off guard by the trial court's request, this court is satisfied that no new significant concerns had been raised during the trial that were not adequately addressed in counsel's motion and his earlier argument. Moreover, in view of counsel's representation that the district attorney was prepared to present rebuttal testimony on the issue of the victims' credibility from witnesses who had had more frequent and more recent contact with the victims, the court's review of the record supports only the conclusion that Torrez cannot demonstrate that the PCR court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 23, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

16 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.   When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## **NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.   These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

In addition, the district judge should certify that Torrez has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).   This case is not appropriate for appellate review.

DATED this 9th day of September, 2010.

Paul Papak
United States Magistrate Judge

17 - FINDINGS AND RECOMMENDATION